## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 12 2018, 8:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Charles A. Benson<br>Bunker Hill, Indiana | Jan M. Carroll<br>Kara Kapke<br>Barnes & Thornburg LLP<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles A. Benson,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>WANE-TV 15, Rod Hissong,<br>Ted Linn, Angelia Robinson and<br>Adam Widener,<br><br>*Appellees-Defendants* | July 12, 2018<br><br>Court of Appeals Case No.<br>02A04-1711-CT-2866<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable David J. Avery,<br>Judge<br><br>Trial Court Cause No.<br>02D09-1701-CT-12 |

**Baker, Judge.**

[1] Charles Benson appeals the trial court's order dismissing his complaint against Fort Wayne's WANE-TV 15, as well as its current and former reporters and editors (collectively, WANE-TV), for defamation. Finding no error, we affirm.

[2] In January 2016, Benson was charged with attempted murder and related offenses after shooting a Fort Wayne police officer. In the months following that arrest, WANE-TV produced multiple reports related to the criminal proceedings. In the reports, the TV station often referenced Benson's lengthy criminal history, including a 2014 murder charge. In one 2016 report, WANE-TV included a 2014 mugshot of Benson. Benson was ultimately found guilty and found to be an habitual offender; he was sentenced to over sixty-two years in prison. *See Benson v. State*, 73 N.E.3d 198 (Ind. Ct. 2017) (affirming Benson's convictions in his direct appeal), *trans. denied*.

[3] On January 9, 2017, Benson filed a complaint against WANE-TV.[1] WANE-TV filed an answer, motion to stay, and motion for judgment on the pleadings based on the Frivolous Prisoner Claim Statute.[2] In response, Benson filed a motion to amend his complaint. Following a hearing, on September 18, 2017, the trial court issued an order granting judgment in favor of WANE-TV and denying Benson's motion to amend his complaint. Benson now appeals.

---

[1] A separate opinion related to Benson's lawsuit against a Fort Wayne newspaper on similar grounds is available at *Benson v. News-Sentinel*, No. 02A03-1711-CT-2865 (Ind. Ct. App. July 12, 2018).

[2] Ind. Code § 34-58-1-1 *et seq.*

[4]     The General Assembly enacted the Frivolous Prisoner Claim Statute "to screen and prevent abusive and prolific offender litigation in Indiana." *Smith v. Ind. Dep't of Corr.*, 883 N.E.2d 802, 804 (Ind. 2008). The statute requires trial courts to screen complaints filed by offenders as soon as such complaints are received.[3] The trial court must determine whether the offender's claim is frivolous, is a claim upon which no relief may be granted, or is a claim that seeks monetary relief from a defendant who is immune. I.C. § 34-58-1-2. A claim is frivolous if, among other things, it lacks an arguable basis in law or fact. *Id.*

[5]     Truth is a complete defense to defamation. *E.g.*, *Melton v. Ousley*, 925 N.E.2d 430, 437 (Ind. Ct. App. 2010); *see also Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446, 457 (Ind. 1999) (holding that the plaintiff has the burden to prove falsity). In this case, the statements complained of by Benson regarding his criminal history, including a 2014 murder charge, are true. Indeed, Benson does not argue, nor did he plead, otherwise. *See Bandido's*, 712 N.E.2d at 456 (holding that to establish actual malice, which is a required element of defamation claims, plaintiff must show that statements were false or made with reckless disregard of whether they were false). He argues that WANE-TV's use of a 2014 mugshot was inaccurate and/or misleading, but that does not mean

---

[3] In this case, the trial court candidly acknowledged that it was "unaware of the need to conduct the review" of Benson's complaint upon receipt of the pleading. Appellees' App. Vol. II p. 10. WANE-TV brought the need for the review to the trial court's attention, at which time it complied. We see no reason that this delay should affect the outcome of this case.

that it was false.[4]  Benson concedes that it was a picture of him; it just happened to be a mugshot from two years earlier.

[6]  Given that all the statements Benson highlights are true, and that the photograph was of Benson, we find that WANE-TV properly found refuge in the defense of truth.  As a result, the trial court did not err by finding Benson's claims to be frivolous.[5]

[7]  Benson also argues that the trial court should have granted him leave to amend his complaint.  His proposed amended complaint, however, contains additional arguments but no new factual allegations.  The proposed amended complaint would neither have cured the defects in the original complaint nor have overcome WANE-TV's defense of truth.  Therefore, any error in this ruling was harmless.

---

[4] It has never been determined in Indiana whether publication of a photograph of a plaintiff can constitute defamation.  We assume solely for argument's sake that it can, but leave the underlying question for another day and a different case.

[5] Benson also included claims related to WANE-TV's 2014 reporting on a prior murder charge, arguing that the TV station defamed him by including information regarding his criminal history.  The trial court found that these claims are time-barred.  Even if they were not time-barred, all the information reported by WANE-TV was substantially true; therefore, Benson cannot establish defamation and the trial court properly entered judgment in favor of the TV station on these claims.

The TV station concededly was imprecise with its report that Benson had been convicted in the past of aggravated battery, rather than felony battery, and escape from prison, rather than violation of home detention, but this imprecision "'fits easily within the breathing space that gives life to the First Amendment,'" as the "gist" or "sting" of the profile of Benson's criminal history is the same either way. *Bandido's*, 712 N.E.2d at 461 (quoting *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 513 (1984)).  Therefore, Benson is not entitled to relief on this basis.

[8] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.