## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 12 2018, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles A. Benson
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Jan M. Carroll
Kara Kapke
Barnes & Thornburg LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles A. Benson,

*Appellant-Plaintiff,*

v.

News-Sentinel, Michael Christman, Sheryl Krieg, Cindy Larson, Lisa Esquivel Long,

*Appellees-Defendants*

July 12, 2018

Court of Appeals Case No.
02A03-1711-CT-2865

Appeal from the Allen Superior Court

The Honorable David J. Avery, Judge

Trial Court Cause No.
02D09-1702-CT-73

**Baker, Judge.**

[1] Charles Benson appeals the trial court's order dismissing his complaint against the Fort Wayne News-Sentinel newspaper, as well as its current and former reporters and editors (collectively, News-Sentinel), for defamation. Finding no error, we affirm.

[2] In January 2016, Benson was charged with attempted murder and related offenses after shooting a Fort Wayne police officer. In the months following that arrest, the News-Sentinel published multiple articles related to the criminal proceedings. In the articles, the newspaper often referenced Benson's lengthy criminal history, including a 2014 murder charge. In one February 2016 article, the News-Sentinel published a 2014 mugshot of Benson, noting in the caption to the photograph that Benson was a former murder suspect facing a new attempted murder charge. Benson was ultimately found guilty and found to be an habitual offender; he was sentenced to over sixty-two years in prison. *See Benson v. State*, 73 N.E.3d 198 (Ind. Ct. 2017) (affirming Benson's convictions in his direct appeal), *trans. denied*.

[3] On February 6, 2017, Benson filed a complaint against the News-Sentinel. The News-Sentinel filed an answer, motion to stay, and motion for judgment on the pleadings based on the Frivolous Prisoner Claim Statute.[1] Benson also filed a separate lawsuit based on similar grounds against WANE-TV.[2] On June 29,

---

[1] Ind. Code § 34-58-1-1 *et seq*.

[2] A separate opinion related to Benson's lawsuit against WANE-TV is available at *Benson v. WANE-TV 15*, No. 02A04-1711-CT-02866 (Ind. Ct. App. July 12, 2018).

2017, the trial court held a consolidated hearing and status conference in the two lawsuits. Benson appeared pro se by phone and did not object to the consolidation. On September 18, 2017, the trial court issued an order granting judgment in favor of the News-Sentinel. Benson now appeals.

[4] The General Assembly enacted the Frivolous Prisoner Claim Statute "to screen and prevent abusive and prolific offender litigation in Indiana." *Smith v. Ind. Dep't of Corr.*, 883 N.E.2d 802, 804 (Ind. 2008). The statute requires trial courts to screen complaints filed by offenders as soon as such complaints are received.[34] The trial court must determine whether the offender's claim is frivolous, is a claim upon which no relief may be granted, or is a claim that seeks monetary relief from a defendant who is immune. I.C. § 34-58-1-2. A claim is frivolous if, among other things, it lacks an arguable basis in law or fact. *Id.*

[5] Truth is a complete defense to defamation. *E.g.*, *Melton v. Ousley*, 925 N.E.2d 430, 437 (Ind. Ct. App. 2010); *see also Journal-Gazette Co. v. Bandido's, Inc.*, 712 N.E.2d 446, 457 (Ind. 1999) (holding that the plaintiff has the burden to prove

---

[3] In this case, the trial court candidly acknowledged that it was "unaware of the need to conduct the review" of Benson's complaint upon receipt of the pleading. Appellees' App. Vol. II p. 10. The News-Sentinel brought the need for the review to the trial court's attention, at which time it complied. We see no reason that this delay should affect the outcome of this case.

[4] Benson argues that the trial court erred by holding a consolidated hearing in this case and the case involving WANE-TV. Initially, we note that under the Frivolous Prisoner Claim Statute, he is not entitled to a hearing at all. I.C. § 34-58-1-1 *et seq.* Furthermore, he did not object to the consolidation below; consequently, he has waived it. Finally, he does not explain how he was prejudiced by the consolidation. For all these reasons, this argument is unavailing.

falsity). In this case, the statements complained of by Benson regarding his criminal history, including a 2014 murder charge, are true. Indeed, Benson does not argue, nor did he plead, otherwise. *See Bandido's*, 712 N.E.2d at 456 (holding that to establish actual malice, which is a required element of defamation claims, plaintiff must show that statements were false or made with reckless disregard of whether they were false). He argues that the newspaper's use of a 2014 mugshot was inaccurate and/or misleading, but that does not mean that it was false.[5] Benson concedes that it was a picture of him, it just happened to be a mugshot from two years earlier.

[6] Given that all the statements Benson highlights are true, and that the photograph was of Benson, we find that the News-Sentinel properly found refuge in the defense of truth. As a result, the trial court did not err by finding Benson's claims to be frivolous.[6]

[7] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.

---

[5] It has never been determined in Indiana whether publication of a photograph of a plaintiff can constitute defamation. We assume solely for argument's sake that it can, but leave the underlying question for another day and a different case.

[6] Benson also included claims related to the News-Sentinel's 2014 reporting on a prior murder charge, arguing that the newspaper defamed him by including information regarding his criminal history. The trial court found that these claims are time-barred. Even if they were not time-barred, all of the information reported by the News-Sentinel was true; therefore, Benson cannot establish defamation and the trial court properly entered judgment in favor of the newspaper on these claims.